[920 NYS2d 721]

In the Matter of GEORGE J. FAETH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 19, 2011

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion dated July 27, 2010 (2010 NY Slip Op 78008[U]), this Court immediately suspended the respondent pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii); the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against him based on a verified petition dated March 11, 2010; the respondent was directed to submit an answer to the petition within 20 days; and the issues raised were referred to the Honorable Kenneth A. Davis, a retired Justice of the Supreme Court, as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline against the respondent upon his failure to timely submit an answer to the petition and that the answer submitted does not comply with CPLR 3018, since it neither denied or otherwise controverted the allegations in the petition and does not raise any affirmative defenses.

The petition, which contains six charges of professional misconduct, alleges that the respondent failed to cooperate with the lawful demands of the Grievance Committee in its investigation of four complaints of professional misconduct: two complaints that he neglected client matters, a complaint that he failed to remit funds due a client, and a sua sponte complaint that he failed to reregister with the Office of Court Administration for the biennial registration period for 2008-2009. The petition contains 91 numbered paragraphs of factual specifications detailing the Committee's efforts to secure compliance with its lawful requests for information.

On August 17, 2010, the respondent was personally served with a copy of the decision and order dated July 27, 2010. A copy of the petition was previously served on the respondent on April 7, 2010.

Although served with a copy of the instant motion for a default judgment on September 30, 2010, the respondent did not timely submit a response or request additional time in which to submit a response, which is consistent with his history of noncooperation in this case.

Office of Court Administration records reflect that the respondent is delinquent in the payment of his reregistration fees for the 2008-2009 and 2010-2011 biennial periods.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition must be deemed established, and effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, George J. Faeth, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, George J. Faeth, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, George J. Faeth, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, George J. Faeth, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).